FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

2012 AUG 30  P 12: 06

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

|  |  |
|---|---|
| MOHAMED ABDALLA,<br><br>    12287 Wye Oak Commons Circle<br>    Burke, VA 22015<br><br>           **PLAINTIFF,**<br><br>v.<br><br>BLUE SKY TRAVEL AND TOURS, INC.,<br>    D/B/A BLUE SKY & AL-TAYYAR<br>    TRAVEL,<br><br>    2810 Old Lee Highway<br>    Suite 245<br>    Fairfax, VA 22130<br><br>    Serve Registered Agent:<br><br>    Mahmoud Riad<br>    14070 Kramer Place<br>    Woodbridge, VA 22193<br><br>and<br><br>MAHMOUD RIAD,<br><br>    14070 Kramer Place<br>    Woodbridge, VA 22193<br><br>and<br><br>YOUSEF ABDUL ELSAWALHI,<br><br>    14070 Kramer Place<br>    Woodbridge, VA 22193<br><br>           **DEFENDANTS.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br><br><br>CIVIL ACTION NO. 1:12cv973<br>                  GBL / JFA |

## COMPLAINT

COMES NOW, Mohamed Abdalla ("Plaintiff"), by and through counsel, and files this Complaint against Mahmoud Riad ("Riad"), Yousef Abdul Elsawalhi (Elsawalhi"), and Blue Sky Travel and Tours, Inc., d/b/a Blue Sky & Al-Tayyar Travel ("Blue Sky") (collectively "Defendants") on the following grounds:

## NATURE OF ACTION

1.      This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for Defendants' failure to pay minimum wage and overtime compensation for hours worked by Plaintiff.

2.      Defendants engaged in actual and constructive fraud by representing to Plaintiff that he would be paid for his work but denying compensation after he performed the work.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1337 because this action arises under the FLSA.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because all Defendants reside and a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

5.      Plaintiff Mohamed Abdalla is a natural person residing at 12287 Wye Oak Commons Circle, Burke, Virginia 22015. He was Defendants' employee from around November, 2011 through around August 1, 2012. Plaintiff has not been paid wages and overtime for hours worked during that time.

2

6. Defendant Blue Sky is incorporated in the Commonwealth of Virginia, with its principal place of business located at 2810 Old Lee Highway, Suite 245, Fairfax, Virginia 22130.

7. Defendant Mahmoud Riad is a natural person residing at 14070 Kramer Place, Woodbridge, Virginia 22193. Defendant Riad is the President and Chief Executive Officer of Defendant Blue Sky. Defendant Riad has regularly conducted business activity in Fairfax County, Virginia.

8. Defendant Yousef Abdul Elsawalhi is a natural person residing at 14070 Kramer Place, Woodbridge, Virginia 22193. Defendant Elsawalhi is the Vice President of Defendant Blue Sky. Defendant Elsawalhi has regularly conducted business activity in Fairfax County, Virginia.

## FACTS

9. At all times alleged herein, Plaintiff has never been indebted to Defendants.

10. At all times alleged herein, Defendants were an enterprise engaged in interstate commerce or in the production of goods for interstate commerce within the meaning of the FLSA.

11. At all times alleged herein, Defendants were an enterprise whose annual gross sales or business done were not less than $500,000.

12. Defendant engaged in interstate commerce by:

a. Advertising and providing shipping and transportation services throughout the United States and abroad;

b. Transacting business in interstate commerce; and

c. Sending and receiving mail to and from individuals in other states.

3

13.     At all times alleged herein, Defendants were employers within the meaning of the FLSA.

14.     Defendant Riad and Defendant Elsawalhi had operational control over Defendant Blue Sky, including the work performed, environment and conditions of employment and managerial decisions such as hiring, firing, compensating, supervising, creating schedules, maintaining time and other employment records, determining the rate and method of compensation, and contracting to provide services on behalf of Defendant Blue Sky.

15.     Defendant Riad and Defendant Elsawalhi sign checks on behalf of Defendant Blue Sky, including checks issued to Plaintiff.

16.     For purposes of the FLSA, Defendants jointly employed Plaintiff, and Defendant Riad and Defendant Elsawalhi were persons acting directly in the interest of Defendant Blue Sky.

17.     In or around November, 2011, Defendants hired Plaintiff on an hourly basis, with a purported starting wage of $12.50 per hour.  At all times during his employment, Plaintiff's purported hourly wage was between $12.50 and $13.00 per hour.

18.     In or around March, 2012, Defendants falsely represented to Plaintiff that he would be receiving a promotion and a corresponding increase in pay to a total of $25.00 per hour.  The promotion and pay increase were never received.

19.     From the time he was hired in or around November, 2011, until the time he was terminated on or around August 1, 2012, Plaintiff regularly worked around or in excess of 40 hours a week.

20.     From the time Plaintiff began working for Defendant Blue Sky until in or around February, 2012, Plaintiff did not receive any compensation for the hours he worked.

4

21.     From February, 2012 until Plaintiff's employment with Defendant Blue Sky ended on or around August 1, 2012, Defendant repeatedly failed to pay Plaintiff's due compensation, including both regular and overtime hours.

22.     Defendants knew that Plaintiff worked overtime hours throughout his time as their employee, but Defendants did not pay Plaintiff one and one-half times his purported rate of pay for these hours.  Defendants consistently altered time records in order to pay Plaintiff for fewer hours than he actually worked.

23.     Upon information and belief, a licensed Certified Public Accountant ("CPA") informed Defendants that they were likely operating in violation of labor, tax, and other laws, but Defendants failed to take the steps necessary to be compliant.

24.     Defendants have willfully violated the FLSA by failing to pay Plaintiff regular and overtime pay to which he is entitled.  Based on partial time records and Plaintiff's recollections, the unpaid regular and overtime hours for the period between February and August of 2012 are approximated below[1]:

| Week Beginning (Year 2012) | Hours Worked | Hours Paid and Rate | Unpaid Regular Hours | Unpaid Overtime Hours | Total Unpaid | Purported Taxes Withheld |
|---|---|---|---|---|---|---|
| February 6 | 31.9 | 24 hours at $12.50 | 7.9 | 0 | $98.75 | $44.06* |
| February 13 | 32.5*[2] | 23 hours at $12.50 | 9.5 | 0 | $118.75 | $44.06* |
| February 20 | 41.7 | 40 hours at $12.50 | 0 | 1.7 | $31.88 | $54.38* |
| February 27 | 41.6 | 40 hours at $12.50 | 0 | 1.6 | $30.00 | $54.38* |
| March 5 | 40* | 27.5* hours at $12.50 | 12.5* | 0 | $156.25 | $68.46* |

---

[1] These approximations are based on the incomplete records currently available to Plaintiff and are subject to revision upon receipt of additional records through the discovery process.

[2] Numbers marked with an asterisk reflect estimates that are based on the records currently available to Plaintiff. Some such numbers have been calculated by taking known payroll figures for a two week period and dividing them equally between the two weeks.

| | | | | | | |
|---|---|---|---|---|---|---|
| March 12 | 40* | 27.5* hours at $12.50 | 12.5* | 0 | $156.25 | $68.46* |
| March 19 | 34.25 | 0[3] | 34.25 | 0 | $428.13 | |
| April 9[4] | 29 | 24 hours at $12.50 | 5 | 0 | $62.50 | |
| April 16 | 41.8 | 35* hours at $13.00 | 5 | 1.8 | $100.10 | |
| April 23 | 41.2 | 35* hours at $13.00 | 5 | 1.2 | $88.40 | |
| April 30 | 33.7 | 27.5* hours at $13.00 | 6.2 | 0 | $80.60 | |
| May 7 | 42.3 | 27.5* hours at $13.00 | 12.5 | 2.3 | $207.35 | |
| May 14 | 56.7* | 35* hours at $13.00 | 5 | 16.7 | $390.65 | |
| May 21 | 56.7* | 35* hours at $13.00 | 5 | 16.7 | $390.65 | |
| May 28 | 56.7* | 35* hours at $13.00 | 5 | 16.7 | $390.65 | |
| June 4 | 55* | 55* hours at $13.00 | 0 | 5 | $97.50 | |
| June 11 | 55* | 55* hours at $13.00 | 0 | 5 | $97.50 | |
| June 18 | 57* | 60* hours at $13.00 | 0 | 3.7 | $71.50 | $112.54* |
| June 25 | 57* | 60* hours at $13.00 | 0 | 3.7 | $71.50 | $112.54* |
| July 2 | 50* | 35* hours at $13.00 | 5 | 10 | $260.00 | |
| July 9 | 50* | 35* hours at $13.00 | 5 | 10 | $260.00 | |
| July 16 | 40.5* | 30* hours at $13.00 | 10 | 0.5 | $139.75 | $95.39* |
| July 23 | 40.5* | 30* hours at $13.00 | 10 | 0.5 | $139.75 | $95.39* |
| Totals | 1025.05 | 796 | 155.35 | 97.1 | $3868.41 | $749.66 |

[3] Payroll records show a check was issued for 30 hours at $12.50 for this week, but Plaintiff never received that check, nor did he receive compensation for the additional 4.25 hours worked.

[4] Plaintiff was out of the country and did not work during the weeks of March 26 and April 2.

25.     In addition to the unpaid wages and overtime compensation set forth in the above

paragraph, Plaintiff is also entitled to unpaid wages and overtime compensation for hours worked

between November, 2011 and February, 2012.  Based on the average hours worked between

February, 2012 and around August 1, 2012, Plaintiff is due unpaid wages and overtime

compensation for approximately 45 hours per week beginning in or around November, 2011 and

ending in February, 2012.  Therefore, in addition to the unpaid wages and overtime

compensation due as detailed in the above paragraph, Plaintiff is due $7,000 in unpaid wages and

$1313 in overtime compensation for the hours he worked from November, 2011 until February,

2012.

26.     Upon information and belief, Defendants withheld funds totaling $749.66 from

Plaintiff's paychecks for the purported purpose of paying taxes on Plaintiff's behalf, but

Defendant never actually submitted those funds to the appropriate taxing authorities, nor was a

tax file ever established on Plaintiff's behalf.

27.     Upon information and belief, Defendants failed to inform Plaintiff of his rights

under the FLSA and post a notice informing employees of those rights, as required by the

Department of Labor.

28.     Plaintiff has suffered emotionally and financially by being unable to pay monthly

bills and being forced to deal with the stress and uncertainty of not being paid regularly for his

work.

### CLAIMS FOR RELIEF

**COUNT I**
*Violation of the Fair Labor Standards Act*
*Minimum Wage Requirements*

29.     The preceding paragraphs are re-alleged as if fully set forth herein.

7

30.     Defendants failed to pay Plaintiff minimum wage for approximately 715 hours that Defendants required, suffered, or permitted Plaintiff to work between November, 2011 and around August 1, 2012.

31.     Defendants had actual or constructive knowledge of the hours Plaintiff worked and their failure to compensate him for those hours.

32.     Defendants are in continuous violation of the FLSA by failing to compensate Plaintiff for the hours he worked as required under § 206(a)(1).

33.     For the foregoing reasons, Plaintiff has suffered substantial emotional and financial damages.  Under 29 U.S.C. § 216(b), Plaintiff is entitled to unpaid wages for approximately 715 hours worked, as well as an additional equal amount as liquidated damages, attorneys' fees, and expenses.

34.     Plaintiff is due an amount of $10,000 for unpaid wages resulting from Defendants' failure to compensate Plaintiff and purported tax payments unlawfully deducted from Plaintiff's wages.

35.     Plaintiff is due an amount of $10,000 for liquidated damages.

36.     Plaintiff is due a combined amount, including unpaid wages and liquidated damages, of $20,000.

37.     Plaintiff is due attorneys' fees and expenses.

WHEREFORE, Plaintiff requests this Court issue judgment against Defendants jointly and severally and award Plaintiff unpaid wages, liquidated damages, attorneys' fees, costs, and such other relief this Court deems just and proper, all amounts to be determined at trial.

**COUNT II**
*Violation of the Fair Labor Standards Act*
*Overtime Compensation Requirements*

38.     The preceding paragraphs are re-alleged as if fully set forth herein.

39.     Defendants had actual or constructive knowledge of the overtime hours Plaintiff worked.

40.     Defendants failed to compensate Plaintiff for approximately 167 overtime hours that Defendants willfully required, suffered, or permitted Plaintiff to work between November, 2011 and around August 1, 2012.

41.     Defendants willfully violated the FLSA by failing to pay Plaintiff one and one-half times his regular rate of pay for each workweek in which Plaintiff worked more than 40 hours.

42.     For the foregoing reasons, Plaintiff has suffered substantial emotional and financial damages.  Under 29 U.S.C. § 216(b), Plaintiff is entitled to unpaid wages for approximately 167 overtime hours worked, as well as an additional equal amount as liquidated damages, attorneys' fees, and expenses.

43.     Plaintiff is due approximately $3,200 for unpaid overtime wages resulting from Defendants' failure to pay Plaintiff.

44.     Plaintiff is due an equal amount of $3,200 for liquidated damages.

45.     Plaintiff is due a combined amount, including unpaid overtime wages and liquidated damages, of $6,400.

46.     Plaintiff is due attorneys' fees and expenses.

WHEREFORE, Plaintiff requests this Court issue judgment against Defendants jointly and severally and award Plaintiff unpaid wages, liquidated damages, attorneys' fees, expenses, and such other relief this Court deems just and proper, all amounts to be determined at trial.

## COUNT III
### Actual Fraud

47.     The preceding paragraphs are re-alleged herein.

48.     Defendants committed actual fraud under Virginia law in their scheme of refusing to compensate Plaintiff for hours worked:

    a.      At the time Plaintiff was hired in or around November, 2011, Defendants intentionally and knowingly falsely represented to Plaintiff that they would compensate him on a regular basis for hours worked at a rate of $12.50 per hour;

    b.      In or around March, 2012, Defendants intentionally and knowingly falsely represented to Plaintiff that they would provide him with a promotion and compensate him on a regular basis for hours worked at a rate of $25.00 per hour.

    b.      At the time that Defendants made each of these misrepresentations, they knew that they were either unable or unwilling to compensate Plaintiff according to the terms they provided;

    c.      Plaintiff accepted employment and continued working for Defendants in reliance on these misrepresentations; and

    d.      Plaintiff's reliance on these misrepresentations damaged Plaintiff because Plaintiff expended time, energy, effort, and resources in order to be physically present and to perform tasks and duties for and on behalf of Defendants.

49.     Plaintiff was damaged by Defendants' willful failure to compensate Plaintiff for his work.

50.     For the foregoing reasons, Plaintiff has suffered substantial emotional and financial damages.

WHEREFORE, Plaintiff requests this Court issue judgment against Defendants jointly and severally and award Plaintiff compensatory and punitive damages, attorneys fees, expenses, and such other relief this Court deems just and proper, all amounts to be determined at trial.

## COUNT IV
### *Constructive Fraud*

51.     The preceding paragraphs are re-alleged herein.

52.     Defendants committed constructive fraud under Virginia law in their scheme of refusing to pay Plaintiff for hours worked:

a.     At the time Plaintiff was hired in or around November, 2011, Defendants negligently falsely represented to Plaintiff that they would compensate him on a regular basis for hours worked at a rate of $12.50 per hour;

b.     In or around March, 2012, Defendants negligently falsely represented to Plaintiff that they would provide him with a promotion and compensate him on a regular basis for hours worked at a rate of $25.00 per hour.

c.     At the time that Defendants made each of these misrepresentations, they should have known that they were either unable or unwilling to compensate Plaintiff according to the terms they provided;

c.     Plaintiff accepted employment and continued working for Defendants in reliance on these misrepresentations; and

d.     Plaintiff's reliance on these misrepresentations damaged Plaintiff because Plaintiff expended time, energy, effort, and resources in order to be physically present and to perform tasks and duties for and on behalf of Defendants.

11

53.    Plaintiff was damaged by Defendants' negligent failure to compensate Plaintiff for his work.

54.    For the foregoing reasons, Plaintiff has suffered substantial emotional and financial damages.

WHEREFORE, Plaintiff requests this Court issue judgment against Defendants jointly and severally and award Plaintiff compensatory and punitive damages, attorneys fees, expenses, and such other relief this Court deems just and proper, all amounts to be determined at trial.

### JURY DEMAND

Plaintiff demands a trial by jury.


Respectfully submitted,
MOHAMED ABDALLA
By Counsel


FIRSTPOINT LAW GROUP, P.C.


Katherine Martell, Esq.  VSB#
77027
10615 Judicial Drive
Suite 101
Fairfax, Virginia 22030
Phone  (703) 385-6868
Fax     (703) 385-7009
*Counsel for Plaintiff.*

## CONSENT FOR SUIT UNDER THE FAIR LABOR STANDARDS ACT

I, Mohamed Abdalla, authorize FirstPoint Law Group, P.C. to sue Blue Sky Travel and

Tours, Inc., d/b/a Blue Sky & Al-Tayyar Travel; Mahmoud Riad; and Yousef Abdul Elsawalhi to

recover unpaid wages, overtime and other compensation, including liquidated damages, interests,

costs and attorneys' fees. I ask that attorneys' fees and costs be awarded to FirstPoint Law

Group, P.C. I authorize my counsel to compromise and settle any claim or take other appropriate

actions in this lawsuit.

_____          _8 / 29 / 2012_
Mohamed Abdalla                                    Date
12287 Wye Oak Commons Circle
Burke, VA 22015